IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:01-CR-296-D(03) |
| VS. | § | |
| | § | |
| JEFF HENDRICKS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Jeff Hendricks' ("Hendricks'") April 19, 2016 motion for reconsideration of order regarding motion for sentence reduction is denied.

On April 1, 2016 the court reduced Hendricks' sentence to the bottom of the new guideline range: 324 months' imprisonment. When Judge Sanders departed downward at the time of Hendricks' sentencing, he did so on the basis that Hendricks' criminal history was overstated, not in response to a government motion for a sentence reduction based on substantial assistance. The court therefore lacks authority to reduce Hendricks' sentence to a greater extent than it has already. *See United States v. Contreras*, ___ F.3d ___, 2016 WL 1719928, at *1 (5th. Cir. Apr. 27, 2016). As the panel explained in *Contreras*:

> the district court is to determine the amended guideline range without considering departures or variances, and it cannot reduce the defendant's sentence below that range. One exception to this rule exists: If the defendant received a below-guidelines sentence because the government moved for a reduction based on the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1)] may be appropriate. That exception does not apply here because Contreras did not receive a reduction for substantial assistance.

*Id.* (bracketed material in original; citation and internal quotation marks omitted).

The motion for reconsideration is therefore denied.

**SO ORDERED**.

May 26, 2016.

                                            SIDNEY A. FITZWATER
                                            UNITED STATES DISTRICT JUDGE